[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On January 13, 1994, third-party defendant, Ocennet Fuel Oil CT Page 10960 Corp., d/b/a Automatic TLC/Petroleum Heat Power ("Petro"), filed a cross claim against third-party defendant, James Gilbert, individually and d/b/a G G Snow Removal, a/k/a G G Mason Company (collectively "Gilbert"), for damages that resulted from an alleged breach of contract. Petro has alleged the following facts in its cross claim. At all times material to this cross claim, Petro was a Connecticut corporation authorized to do business in the State of Connecticut and Gilbert was a resident in Connecticut. The defendants and third-party plaintiffs, Frances Mashkin and Betty Goldfarb, were the partners of a Connecticut general partnership known as M G Associates (collectively "Mashkin"), which owned property located at 64 Oakland Avenue, East Hartford, Connecticut (the "property"). At all times material to this cross claim, the property was leased to Petro.
Petro further alleges, that pursuant to the lease of the property from Mashkin to Petro (a copy of which is attached to the cross claim as Exhibit A), Mashkin agreed that it shall repave, and clear off snow and ice from all parking areas and driveways on the property. Prior to January 14, 1991, Mashkin entered into a subcontract with Gilbert in which, Gilbert agreed to provide snow and ice removal at the property. As tenant and occupier of the property, Petro was an intended third-party beneficiary of the subcontract. According to the plaintiff, Matthew Livingston, on or about January 14, 1991, he was injured and sustained damages when he slipped and fell on accumulations of ice and snow on the property's parking lot. Finally, Petro alleges that according to Mashkin, the plaintiff's damages were sustained as a result of Gilbert's breach of the subcontract and, because of those alleged damages, Petro has paid, and may in the future be obligated to pay, damages. Petro seeks compensatory damages, prejudgment interest, costs, including attorney's fees and further relief as the court deems just and proper.
On March 1, 1994, Gilbert filed a motion to strike Petro's cross claim on the ground that Petro's exclusive remedy exists pursuant to the Workers' Compensation Act ("WCA"), General Statutes § 31-275, et. seq.
As required by Practice Book § 155, Gilbert has filed a memorandum in support of its motion to strike, and Petro has timely filed a memorandum in opposition.
The purpose of the motion to strike "is to test the legal sufficiency of a pleading." Ferryman v. Groton, 212 Conn. 138, CT Page 10961 142, 561 A.2d 432 (1989). The motion to strike "admits all facts well pleaded. . . . `The allegations are entitled to the same favorable construction as a trier would be required to give in admitting evidence under them. . . .; and if facts provable under the allegations would support a defense or cause of action, the (motion to strike) must fail.'" Id., 142. When ruling on a motion to strike, "`the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff.'" Novametrix Medical Systems, Inc. v.BOC Group, Inc., 224 Conn. 210, 215, 618 A.2d 25 (1992), quotingGordon v. Bridgeport Housing Authority, 208 Conn. 161, 170,544 A.2d 1185 (1988).
A general statement contained in a motion to strike that the complaint does not "state a claim upon which relief can be granted" is insufficient to comply with Practice Book § 154. Morris v.Hartford Courant Co., 200 Conn. 676, 683, 513 A.2d 66 (1986). A motion to strike that does not specify the grounds of insufficiency is "fatally defective". Blancato v. Feldspar Corporation,203 Conn. 34, 36 n. 3, 522 A.2d 1235 (1987). Furthermore, "`Practice Book § 155, which requires a motion to strike to be accompanied by an appropriate memorandum of law citing the legal authorities upon which the motion relies, does not dispense with the requirement of § 154 that the reasons for the claimed pleading deficiency be specified in the motion itself.'" Id., 36-37, quoting King v.Board of Education, 195 Conn. 90, 94 n. 4, 486 A.2d 1111 (1985). This defect, however, maybe waived due to a "(nonmovant's) failure to object to its form and the nonjurisdictional nature of § 154."Bouchard v. People's Bank, 219 Conn. 465, 468 n. 4, 594 A.2d 1
(1991).
Gilbert's motion to strike merely states that Petro's cross-claim "fails to state a cause of action upon which relief can be granted." In its memorandum of law in opposition to the motion, Petro specifically objects to this procedural deficiency. Gilbert's motion to strike is procedurally defective because it fails to comply with Practice Book § 154 and, therefore, must fail.
Furthermore, the claim that a Petro's exclusive remedy exists pursuant to the WCA, is properly raised by a special defense.Grant v. Bassman, 221 Conn. 465, 604 A.2d 814 (1992). "The claim that a plaintiff has elected an exclusive remedy relies on facts outside those alleged in the complaint that operate to negate what may once have been a valid cause of action. . . . It is therefore both rational and fair to place the burden of pleading and proving an CT Page 10962 election of remedies on the party asserting the claim, usually the defendant." Id., 473. Because Gilbert's claim is properly raised by a special defense, his motion to strike is denied on this ground as well.
Howard F. Zoarski, Judge